IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNY IROEGBU, #48132-177,          § | | |
|        Movant,                                       § | | |
|  § | | |
| v.                                                                § | | CIVIL NO. 3:16-CV-2095-N-BK |
|  § | | (Criminal No. 3:13-CR-14-N-1) |
| UNITED STATES OF AMERICA,       § | | |
|        Respondent.                                § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for findings of fact and a recommended disposition. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the motion should be **DENIED WITH PREJUDICE**.

**I. BACKGROUND**

Movant pleaded guilty to one count of aiding and assisting in the preparation and presentation of a false or fraudulent tax return. Crim. Doc. 47. He was sentenced to 36 months' imprisonment, with a one-year term of supervised release. Crim. Doc. 47.[1]

After an unsuccessful direct appeal, *see United States v. Iroegbu*, 627 F. App'x 392 (5th Cir. 2015) (per curiam), Movant filed this § 2255 motion. Doc. 2 & Doc. 3. He raises two claims of ineffective assistance of counsel. First, he claims that his counsel was ineffective for failing to attempt to delay his sentencing hearing so that he could benefit from a proposed Amendment to the United States Sentencing Guidelines ("U.S.S.G."). *See* Doc. 2 at 4. Second,

---

[1] Although Movant was recently released from federal prison, the Office of Probation has informed the Court that he will remain on supervised release until July 6, 2018.

he argues that his counsel should have challenged the Court's calculations of loss and restitution because they took into account Movant's prior crimes that were "beyond [the] statute of limitation[s]."  *See* Doc. 2 at 4.  Movant also challenges those calculations directly, arguing that the Court "made [an] arithmetic error when determining sentencing by using tax year 2007 which was beyond statutory limitation to calculate sentencing guideline and restitution order."  *See* Doc. 2 at 5.

## II. ANALYSIS

### A. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding.  *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980).  To obtain post-conviction relief on a claim that his counsel was constitutionally ineffective, Movant must satisfy the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that counsel's performance fell below an objective standard of reasonable professional service.  *See id.* at 687.  Second, he must establish that his counsel's substandard performance caused prejudice.  *See id.* at 691-92.

Movant first argues that his counsel should have moved to continue his sentencing hearing so that he could benefit from proposed amendments to the Sentencing Guidelines:

> The [U.S.S.G.] was about to be amended for "White Collar Crime" and my counsel should have known to ask for [a] continuance, my sentence date was March 18[], 2015, but on March 12[], 2015[,] [t]he [United States Sentencing Commission] released a frame work to amend the [U.S.S.G.] and noted it would vote to approve it on April 9[], 2015.  Had my counsel move[d] for continuance I would have been sentenced under the new [Amendment].

Doc. 2 at 4.

Movant's argument rests on several factual inaccuracies—each of which is fatal.

Although he does not name a specific Amendment, Movant appears to reference Amendment 791, which became effective on November 1, 2015, and adjusted the U.S.S.G.'s loss tables for inflation. *See United States v. Geringer*, 672 F. App'x 651, 653 (9th Cir. 2016) (discussing Amendment 791). Although the Sentencing Commission proposed the framework of Amendment 791 for notice and public comment on January 14, 2015, the Commission did not adopt Amendment 791, or submit it to Congress, until April 30, 2015—more than a month after Movant was sentenced. *See* U.S.S.G. Amendment 791; *see generally* 28 U.S.C. 994(p) (setting out the process for submitting proposed Amendments to Congress); *see also* United States Sentencing Commission Rules of Practice and Procedure, Rule 4.3 ("In proposing and promulgating guidelines and amendments thereto, the [Sentencing] Commission shall comply with [5 U.S.C. § 553] relating to publication in the *Federal Register* and public hearing procedure."). And Amendment 791 did not become effective until November 1, 2015. *See* U.S.S.G. Amendment 794; *see also Geringer*, 672 F. App'x at 653.

Consequently, Movant's claim—that the Commission noted it would vote to approve Amendment 791 before he was set to be sentenced—is unsupported and erroneous. In fact, and contrary to Movant's suggestion, his sentencing hearing was set before Amendment 791 was adopted. *See* Crim. Doc. 46 (noting that Movant was sentenced on March 18, 2015). It follows, of course, that Movant cannot show that his counsel was ineffective. His Counsel was not required to be clairvoyant—that is, to predict that the framework would emerge from the notice and comment period, be adopted as Amendment 791 in late April, and then come into effect six months later. *See Cooks v. United States*, 461 F.2d 530, 532 (5th Cir. 1972) ("Clairvoyance is not a required attributed of effective representation."); *see also United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009) ("Although a failure of counsel to be aware of prior controlling

precedent in even a single prejudicial instance might render counsel's assistance ineffective under the Sixth Amendment," it is well-established "that there is no general duty on the part of defense counsel to anticipate changes in the law.") (citations and internal quotation marks omitted). Thus, Movant is not entitled to relief on that ground.

Movant next argues that his counsel was ineffective for failing to challenge the Court's calculations of loss and restitution on the ground that those calculations took into account his criminal conduct that "was beyond the statute of limitation[s]." Doc. 2 at 4. But his argument rests on the erroneous premise that such conduct is outside of the proper scope of the challenged calculations.

"For sentencing purposes, the use of tax loss resulting from uncharged conduct is authorized by [U.S.S.G.] § 1B1.3, the 'relevant conduct' provision of the Guidelines." *United States v. Pierce*, 17 F.3d 146, 150 (6th Cir. 1994). Moreover, in its determination of Movant's relevant conduct, the Court could "consider criminal conduct that occurred outside of the statute of limitations period." *United States v. Behr*, 93 F.3d 764, 766 (11th Cir. 1996) (noting that the Eleventh Circuit was joining the Fifth Circuit in its conclusion that relevant conduct includes criminal conduct beyond the statute of limitations); *accord United States v. Lokey*, 945 F.2d 825, 840 (5th Cir. 1991) (rejecting the defendant's argument that relevant conduct is limited "to the period covered by the statute of limitations."). The same is true for the Court's calculation of restitution: "[I]f a district court may consider relevant conduct occurring outside of the statute of limitations in determining the offense level (and, indirectly, the range of possible sentences), [nothing] precludes it from considering such conduct in fashioning a restitution order." *United States v. Dickerson*, 370 F.3d 1330, 1342 (11th Cir. 2004); *see also United States v. Williams*, 356 F. App'x 167, 170 (10th Cir. 2009) (per curiam) (same).

In addition, when Movant pleaded guilty, he agreed that he would be ordered to pay restitution that "may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone." Crim. Doc. 32 at 2; *see also United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005) (holding that there was "no ambiguity" in the defendant's agreement to pay, "which Miller agree[d] may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone."). Because the Court was correct to account for all of Movant's fraud, including any fraud that occurred beyond the statute of limitations, his counsel was not ineffective for failing to argue otherwise.

### B. Restitution Order

Movant also attacks the restitution order head-on. He relies on *United States v. Campbell*, 552 F. App'x 339, 345 (5th Cir. 2014) to argue that the Court erred in ordering restitution for crimes for which he did not plead guilty because his "plea agreement did not state that [the Court] shall award restitution beyond the offense of conviction." Doc. 2 at 5.

But, as noted previously herein, Movant did agree to pay restitution "arising from all relevant conduct," and, further, that the amount was "not limited to that arising from the offense of conviction alone." Crim. Doc. 32 at 2. Thus, his reliance on *Campbell* is misplaced. *Campbell* considered whether a district court could order restitution for crimes for which Campbell was never convicted, and for which she never agreed to pay restitution. 552 F. App'x at 345. ("Campbell did not agree to the imposition of restitution beyond the amount stemming from the offense of conviction"). *Campbell* held that "18 U.S.C. § 3663(a)(3) only permits restitution to the extent agreed to in the plea agreement." 552 F. App'x at 345. But *Campbell* also acknowledged that, where the defendant agreed to pay restitution for all relevant conduct, "the district court properly considered relevant conduct beyond the offense of conviction in the

restitution order." *See id.* (discussing *United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005) (holding that the district court did not err in awarding restitution that the defendant agreed to pay in his plea agreement)). Because Movant agreed to pay restitution for all his fraudulent tax activity—and not just that stemming from the one count to which he pleaded guilty—there is no merit to his argument. *Compare United States v. Simmons*, 420 F. App'x 414, 421 (5th Cir. 2011) (per curiam) (holding that the district court did not err, in a tax fraud case, in awarding restitution that was based on relevant conduct beyond the offense of conviction because "[t]he restitution order was only to the extent agreed in the plea agreement"), *with Campbell*, 552 F. App'x at 345 (holding that, where the defendant did not agree to pay restitution beyond the single count to which she pleaded guilty, the district court could not consider other relevant conduct in fashioning the restitution award).

    Movant also urges that the Court could erred in calculating the restitution amount because it considered the crimes that he committed in a different jurisdiction. *See* Doc. 3 at 3 ("For tax year 2007 the business moved to . . . Plano," meaning that "tax year 2007 falls under [the jurisdiction of the] Eastern District" of Texas). Movant's argument again rests on a misunderstanding of the law; a district court may properly consider such crimes when assessing the defendant's relevant conduct. *See, e.g.*, *United States v. Johnson,* 486 F. App'x 412, 414 (5th Cir. 2014) (per curiam) (holding that "the district court was free to rely" on facts that "Johnson frequently moved from jurisdiction to jurisdiction in the time period that he performed his offense conduct and relevant conduct."). And, as explained above, Movant agreed to pay restitution for all his fraudulent conduct in preparing false and fictitious tax returns, which included conduct that occurred in the Eastern District of Texas. In sum, there is no merit to his challenges to the Court's restitution award.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be **DENIED WITH PREJUDICE**.

**SIGNED** March 1, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE